UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL EARLE BOYER, | ) | 1:06-cv-00012-AWI-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN FORMA |
| | ) | PAUPERIS (DOC. 6) |
| v. | ) | |
| | ) | ORDER DISMISSING THE COMPLAINT |
| ANNE FRANCES PETERS, | ) | WITH LEAVE TO FILE AN AMENDED |
| | ) | COMPLAINT NO LATER THAN THIRTY |
| Defendant. | ) | DAYS AFTER THE SERVICE OF THIS |
| | ) | ORDER (DOC. 1) |
| | ) | |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

II. <u>Screening the Complaint</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss

1

the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

>   Fed. R. Civ. P. 8(a) provides:
>
>   A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.  Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question,

2

1  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
2  (1976), construe the pro se pleadings liberally in the light most
3  favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
4  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
5  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
6      If the Court determines that the complaint fails to state a
7  claim, leave to amend should be granted to the extent that the
8  deficiencies of the complaint can be cured by amendment. Lopez v.
9  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
10 complaint, or a portion thereof, should only be dismissed for
11 failure to state a claim upon which relief may be granted if it
12 appears beyond doubt that the Plaintiff can prove no set of
13 facts, consistent with the allegations, in support of the claim
14 or claims that would entitle him to relief. See Hishon v. King &
15 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
16 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
17 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
18 Dismissal of a pro se complaint for failure to state a claim is
19 proper only where it is obvious that the Plaintiff cannot prevail
20 on the facts that he has alleged and that an opportunity to amend
21 would be futile. Lopez v. Smith, 203 F.3d at 1128.
22     A claim is frivolous if it lacks an arguable basis either in
23 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). The
24 test for malice is a subjective one that requires the Court to
25 determine whether the applicant is proceeding in good faith.
26 Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see
27 Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A
28 lack of good faith is most commonly found in repetitive suits

filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Plaintiff purports to be prosecuting a suit for civil rights violations. The complaint consists of allegations concerning the judges, attorneys, and parties involved in a state court proceeding concerning an application for a restraining order against Plaintiff by Defendant Ann Frances Peters, with whom Plaintiff purchased property intended to be used as a joint residence. It appears that a settlement of the parties' dispute regarding the underlying real property was anticipated or arranged, and then Plaintiff disputed the enforceability of the settlement, receiving an unfavorable judgment as well as similarly unfavorable review by the state intermediate appellate court and California Supreme Court. Plaintiff makes various allegations of fraud by the judges, commissioners, and parties involved. Plaintiff submitted for his complaint the petition for review of the decision of the California Court of Appeal, Fifth Appellate District, which he filed in the California Supreme court. Plaintiff asserts abuse of the state domestic violence law, lack of state court jurisdiction, the enforceability of the

4

settlement, extrinsic fraud of the parties and court and counsel, and violation of various constitutional rights by the issuance of the restraining order and rulings made in the suit.

III. <u>Rule 8 Standard</u>

Federal Rule of Civil Procedure 8(a) calls for a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8(a) expresses the principle of notice pleading, whereby the pleader need only give the opposing party fair notice of a claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Id</u>. at 47.

In this instance, the Court finds that Plaintiff's complaint does not meet Rule 8's basic standard.

Plaintiff names only one Defendant in the caption, but the allegations concern the conduct of many people associated with the state court proceedings. Plaintiff does not link specific allegations of wrongful conduct with specific defendants, and thus his complaint is unclear.

The civil rights statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if

5

he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Because Plaintiff has failed to link the named defendants with some affirmative act or omission, Plaintiff's complaint must be dismissed.

Further, as will be further discussed below, Plaintiff's complaint does not contain a short statement of facts establishing jurisdiction in this court.

IV. Judicial Immunity

Many of the allegations concern the conduct of various judges and commissioners involved in Plaintiff's state court case.

Judges and officers whose functions bear a close association to the judicial process are entitled to absolute judicial immunity from damage actions under 42 U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts. Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986). A judge loses judicial immunity for judicial acts only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. Shucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the

6

1  expectations of the parties, i.e., whether they dealt with the
2  judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349,
3  356-357, 362 (1978). Judicial immunity is not lost by allegations
4  that a judge conspired with a third party. As long as the judge's
5  ultimate acts are judicial actions taken within the court's
6  subject matter jurisdiction, immunity applies. Ashelman v. Pope,
7  793 F.2d 1072, 1078 (9th Cir. 1986).

   The allegations of the complaint before the Court establish
that the judges are entitled to absolute judicial immunity.
Plaintiff is complaining of actions or rulings made by the judges
in a case pending before the respective courts. The actions or
rulings made by the judges in connection with plaintiff's cases
to which the judges were assigned were within their jurisdiction.

   V. Rooker-Feldman Doctrine

   Appellate jurisdiction of state court judgments rests in
the United States Supreme Court, 28 U.S.C. § 1257, not in the
federal district court. The Rooker-Feldman doctrine derives its
name from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462
(1983). The doctrine provides that a federal district court is
without subject matter jurisdiction to hear an appeal from the
judgment of a state court. Bianchi v. Rylaarsdam, 334 F.3d 895,
896 (2003), cert. denied, Bianchi v. Rylaarsdam, 540 U.S. 1213,
(2004). If claims raised in the federal court action are
"inextricably intertwined" with the state court's decision such
that the adjudication of the federal claims would undercut the
state ruling or require the district court to interpret the
application of state laws or procedural rules, then the federal

complaint must be dismissed for lack of subject matter jurisdiction. <u>Bianchi v. Rylaarsdam</u>, 334 F.3d at 898. A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. <u>Fontana Empire Center, LLC v. City of Fontana</u>, 307 F.3d 987, 992 (9th Cir. 2002).

The Rooker-Feldman doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 125 S.Ct. 1517, 1522 (2005). Rooker-Feldman may apply where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment. See <u>Olson Farms, Inc. v. Barbosa</u>, 134 F.3d 933, 936 (9th Cir. 1998).

It appears from Plaintiff's complaint that he is merely seeking a review of a determinations made by the state court in the course of the state court suit, or matters inextricably intertwined with the state court judgment. This Court lacks jurisdiction to conduct such a review.

VI. <u>Amendment of the Complaint</u>

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the

allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to file an amended complaint to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1) Plaintiff's application to proceed in forma pauperis IS GRANTED; and

9

2) Plaintiff's complaint IS DISMISSED; and

3) Plaintiff IS GRANTED thirty days from the date of service of this order in which to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   February 28, 2006**             /s/ Sandra M. Snyder
icido3                                     UNITED STATES MAGISTRATE JUDGE