UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL EARLE BOYER, | ) | 1:06-cv-00012-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S MOTION FOR |
| | ) | INJUNCTIVE RELIEF (DOC. 7) |
| v. | ) | |
| | ) | |
| ANNE FRANCES PETERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Background

On February 28, 2006, the Court ordered Plaintiff's complaint, which was filed on January 5, 2006, dismissed with leave to file a first amended complaint by March 31, 2006. Plaintiff has not filed an amended complaint. The initial complaint concerned property matters that had been adjudicated, or were being adjudicated, by a state court.

II. <u>Injunctive Relief</u>

On February 27, 2006, Plaintiff filed a motion for injunctive relief concerning a notice of right to reclaim abandoned property that was sent to him by Defendant. Plaintiff seeks an order prohibiting Defendant from disposing of any of Plaintiff's personal property.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

Here, Plaintiff has not shown probable success on the merits.

More fundamentally, because there is no complaint pending, there is no case or controversy before the Court. A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the Court

1  must have before it for consideration a "case" or "controversy."
2  Flast v. Cohen, 392 U.S. 83, 88 (1968). (Docs. 26, 43.) If the
3  court does not have a "case" or "controversy" before it, it has
4  no power to hear the matter in question. Rivera v. Freeman, 469
5  F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue
6  an injunction if it has personal jurisdiction over the parties
7  and subject matter jurisdiction over the claim; *it may not*
8  *attempt to determine the rights of persons not before the court*."
9  Zepeda v. United States Immigration Service, 753 F.2d 719, 727
10 (9th Cir. 1985) (emphasis added).
11     Plaintiff's complaint has been dismissed, with leave to
12 amend, for failure to state a claim. Because Plaintiff has yet to
13 file a pleading that contains any cognizable claims for relief,
14 Plaintiff is not, at this juncture, entitled to any preliminary
15 relief.
16     Further, Plaintiff is informed that until the Court
17 completes its screening process of any amended complaint
18 ultimately filed by Plaintiff and determines that a cognizable
19 claim has been stated, injunctive relief would be premature.
20     III. Recommendation
21     Accordingly, it IS RECOMMENDED that Plaintiff's motion for
22 injunctive relief BE DENIED.
23     This report and recommendation is submitted to the United
24 States District Court Judge assigned to the case, pursuant to the
25 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
26 Local Rules of Practice for the United States District Court,
27 Eastern District of California. Within ten (10) court days after
28 being served with a copy, any party may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 8, 2006**                                 **/s/ Sandra M. Snyder**
icido3                                                                    UNITED STATES MAGISTRATE JUDGE