UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL EARLE BOYER, | 1:06-cv-00012-AWI-SMS |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (Doc. 12) |
| v. | |
| ANNE FRANCES PETERS, | |
| Defendant. | ORDER DIRECTING THE CLERK TO SERVE A COPY OF THIS ORDER ON ANN FRANCES PETERS |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. After the Court dismissed Plaintiff's original complaint with leave to amend, Plaintiff filed a first amended complaint (FAC) on March 29, 2006.

I. <u>Screening the Complaint</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or

1

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.  Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most

favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46 (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be

inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, <u>id.</u>; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

    II. <u>Plaintiff's First Amended Complaint</u>

In the first amended complaint (FAC), Plaintiff names as defendants the state of California, Kern County Sheriff's Department, attorney Daniel Jon Tobias, attorney Jamie Gelber, and Anne Frances Peters. Plaintiff complains of proceedings in state court. It is not clear, but it appears that Plaintiff is complaining of both civil and criminal proceedings. Plaintiff seeks dismissal of an unspecified stay order and a nunc pro tunc accounting of the Wheeler Ranch property. He also seeks injunctive relief, and compensatory damages for abuse of process, as well as punitive damages based on Defendant's evil motive or intent, or reckless or callous indifference to Plaintiff's rights, including Plaintiff's federally protected rights.

Plaintiff alleged that court clerk Johnna Nunn, who is not named as a defendant, concealed minute orders and records from "client" (Cmplt. at p. 2), which revealed evidence of court actors' fabrication of the record that a negotiated or anticipated settlement occurred. He appears to allege that the clerk incorrectly noted that the parties stipulated that the clerk need not take down the details of the agreement and would

4

rely on the court reporter's transcript; he could not possibly understand the language in the transcript. Plaintiff alleges that he was not aware he was in open court and that thus any settlement was unauthorized or involuntary. He also refers to Nunn's having presented a misleading mock record and having concealed unspecified minute orders.

With respect to attorney Tobias, Plaintiff appears to be alleging that he was misled by attorney Tobias by deliberate deceit that the procedure (apparently a reference to an agreement or settlement that was put on the record in open court) would allow Plaintiff to contest the judge's orders by trial, and that unspecified orders remained unimplemented as was promised. Plaintiff referred to unspecified unauthorized submissions from Tobias and Tobias's failure to obtain a necessary continuance on February 28, 2001. Again, the precise nature of the proceedings in question is not specified.

Plaintiff alleges that Defendant Peters knew that an initiated complaint was groundless and made unspecified misrepresentations to Deputy Thatcher to "gain suspect status on [Plaintiff] and a collateral advantage over the property." (Id. at 5.)

Plaintiff alleged that Defendants Gelber, Peters, and Tobias all made unspecified utterances on the record that "can be evidentiary in a case of malicious abuse of process." He refers to bringing evidence to light that would prove the fraud and intent of the actors.

Plaintiff alleges that Sheriff Larry Thatcher was aware of numerous witnesses and/or corroborators of false domestic

5

violence allegations but refused to acknowledge his findings and knowingly avoided timely investigation and concealed untimely report with knowledge that concealment of an exculpatory but biased report would deprive Plaintiff of fair due process. The sheriff's four-day delay in investigating, threats and fraud, and false statements of Petitioner caused there to be errors in the report that were used by the prosecutor and judge against Plaintiff. Plaintiff alleges that Thatcher knowingly excluded from an unspecified report witnesses to an assault and a plot by Petitioner (understood as Defendant Peters) on Plaintiff. The evidence was allegedly referred to by a prosecutor who "jailed" Plaintiff. There is a reference to Thatcher's testifying on September 13, 2005, immediately followed by a reference to a prosecutor.

Plaintiff alleges that he was deprived of equal protection and his right to redress as a result of the concerted unlawful and malicious conspiracy of all Defendants; Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

III. <u>Rule 8 Standard</u>

Federal Rule of Civil Procedure 8(a) calls for a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8(a) expresses the principle of notice pleading, whereby the pleader need only give the opposing party fair notice of a claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement

6

sufficient to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 47.

Plaintiff's complaint does not satisfy Rule 8's minimal standard of notice pleading because it is ambiguous and unclear.

IV. Section 1983 Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to

7

do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

V. Claim against the State of California

Plaintiff names the state of California as a Defendant but does not state any facts concerning the conduct of Defendant state of California. Plaintiff has not linked this Defendant to any conduct resulting in deprivation of rights.

More fundamentally, a state is not a person for the purpose of an action pursuant to § 1983; hence, a section 1983 claim against a state is legally frivolous. Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997). Further, a state has immunity pursuant to the Eleventh Amendment. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).

Plaintiff's claim against the state must be dismissed.

VI. Claim Pertaining to Criminal Prosecution

The complaint refers to Plaintiff's being imprisoned. Because Plaintiff's complaint is unclear and ambiguous, the extent to which Plaintiff seeks relief concerning arrest, charging, conviction, imprisonment, or other consequences from a criminal conviction is uncertain. However, it may be the Plaintiff is seeking damages or injunctive relief with respect to an injury that was a result of Plaintiff's being convicted of a criminal offense.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct.

1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Under Heck v. Humphrey, 512 U.S. 477 (1994), a § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable and does not, therefore, accrue until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal. The Heck principle applies to claims that would necessarily imply the invalidity of any conviction that might have resulted form the prosecution of the dismissed charge, including pending charges in addition to actual convictions. Harvey v. Waldron, 210 F.3d 1008, 1013-14 (9th Cir. 2000). It applies generally to charges of unlawful or false arrest. Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998); Harvey v. Waldron, 210 F.3d at 1014-15.

   Thus, to the extent that Plaintiff's claims relate to a criminal prosecution, Plaintiff's complaint must be dismissed because Plaintiff has not demonstrated that the conviction has been overturned or otherwise invalidated.

   VII. Claim against Kern County Sheriff's Department

   Plaintiff alleges conduct by Deputy Sheriff Larry Thatcher,

9

but Thatcher is not named as a Defendant; rather, the Sheriff's Department was named.

However, Plaintiff does not allege facts concerning any conduct engaged in by the County that would subject it to liability under § 1983. The Court notes that a local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability; a county could be liable for its own actions in the nature of policy or customs, factual circumstances which Plaintiff has not alleged. See Bd. of County Commissioners v. Brown, 520 U.S. 397, 403 (1997). Plaintiff has not alleged facts indicating a claim against the Sheriff's Department.

VIII. Claim against Attorney Jamie Gelber

Plaintiff has failed to allege any conduct by Defendant Gelber that resulted in any violation of rights of Plaintiff. Plaintiff alludes to inaccurate, falsified documents drafted by attorney Gelber, but Plaintiff has failed to allege that any of this conduct deprived Plaintiff of a federally protected right. Plaintiff has failed to state a § 1983 claim against Defendant Gelber.

IX. Claim against Attorney Jon Tobias

Plaintiff alludes to inaccurate, falsified documents drafted by attorney Tobias; redundant submissions intended to defeat Plaintiff; and being misled deliberately by Tobias that an unspecified procedure would permit Plaintiff to contest the judge's orders by trial. Further, unspecified orders remained unimplemented.

A. Action under Color of State Law

The capacity in which Tobias acted is unclear; it is not known whether he was a public defender, other appointed attorney, or private counsel. It is further unclear whether Tobias's conduct related to a civil proceeding, criminal proceeding, or both.

In order to recover under § 1983, Plaintiff must allege and prove that Defendants acted under color of state law to deprive Plaintiff of a right secured by the Constitution or federal statute. Karim-Panahi v.Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Likewise, it is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 317, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

Thus, no claim against attorney Tobias is stated because of Plaintiff's failure to allege action under color of state law.

### B. Conspiracy

Action taken by private individuals may be under color of state law where there is significant state involvement in the action. Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983).

Further, a conspiracy between a private party and a state official to deprive others of constitutional rights may result in action by a private party under color of state law, but to prove a conspiracy between the state and private parties under section 1983, the Plaintiff must allege an agreement or meeting of the minds to violate constitutional rights; each participant in the

11

conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc). The defendants must by some concerted action have intended to accomplish some unlawful objective for the purpose of harming another which results in damage. Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999).

Plaintiff must allege some facts with respect to the conspiracy. In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege specific facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Here, Plaintiff alleges:

> Plaintiff believes actors were collectively motivated to obtain an unfavorable outcome through artifice in order to conceal misdeeds of sheriffs and attorneys that actors intended to avoid inaccurate, falsified, and concealed documents drafted by Sheriffs, Attorneys Gelber and Tobias, and Anne Frances Peters.

(FAC at 1-2.) This amounts to nothing more than a statement of belief as to a legal conclusion; it is not an allegation of fact. Plaintiff further alleges:

> As a result of the concerted unlawful and malicious conspiracy of all Defendants, Boyer was deprived of his right to equal protection of the laws, right to redress, and the due course of justice was impeded, in

12

>     violation of the Fifth and Fourteenth Amendments of the
>     Constitution of the United States.

(FAC at 2.) Again, these allegations are bereft of facts regarding the existence of a conspiracy. Plaintiff also alleged:

> Defendants maliciously used a "legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose for the particular process employed."

This allegation amounts to a legal conclusion, not an allegation of fact.

Thus, Plaintiff has not alleged facts showing an agreement or a meeting of the minds that would amount to a conspiracy that would render otherwise private action cognizable under § 1983 as action taken under color of state law.

### X. Malicious Prosecution and Abuse of Process

Claims of malicious prosecution and false arrest are not cognizable as substantive due process violations; rather the plaintiff must allege the denial of equal protection or another specific constitutional right. Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir.2004); see also Albright v. Oliver, 510 U.S. 266, 271 & n. 4 (1984).

In this circuit, generally a malicious prosecution claim is not cognizable under § 1983 if process is available in the state judicial system to provide a remedy. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights, such as a conspiracy to convict on groundless charges by perjury and falsification of evidence with the intent to deny a fair trial,

then an exception to the general rule exists. Johnson v. Barker, 799 F.2d 1396, 1400 (9th Cir. 1986) A malicious prosecution claim under § 1983 is based on state law elements. Usher, 828 F.2d at 562. The essential elements of malicious prosecution in both criminal and civil contexts are 1) that the prior proceeding commenced by or at the direction of the malicious prosecution defendant; 2) the proceeding was pursued to a legal termination favorable to the plaintiff; 3) the prior proceeding was brought without probable cause; and 4) the prior proceeding was initiated with malice. Ayala v. KC Environmental Health, –F.Supp.2d –, 2006 WL 845754 at *9 (E.D.Cal. March 30, 2006) (citing Villa v. Cole, 4 Cal.App.4th 1327, 1335 (1992)). Thus, to prevail, a malicious prosecution plaintiff must show that the defendant prosecuted her with malice and without probable cause, and for the purpose of denying him equal protection or another specific constitutional right. Freeman v. City of Sanata Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). Malicious prosecution actions are not limited to suits brought against prosecutors but may be brought against other persons who have wrongfully caused the charges to be filed. Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir.2004) (citing Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002). Despite the presumption that a decision to prosecute a criminal case is the independent decision of the prosecutor, a claim may be brought against state or local officials who improperly exert pressure on the prosecutor, knowingly provide misinformation to the prosecutor, conceal exculpatory evidence, or otherwise engage in wrongful or bad faith conduct that was actively instrumental in causing the

initiation of legal proceedings. <u>Awabdy</u>, 368 F.3d at 1067; <u>Galbraith</u>, 307 F.3d at 1126-27.

Here, Plaintiff does not name Deputy Thatcher. However, Plaintiff appears to allege that some criminal imprisonment or penalty followed action by the deputy sheriff, attorneys, and court personnel. To the extent that Plaintiff is attempting to allege a malicious prosecution claim, he has not alleged favorable termination of the criminal proceeding or a lack of probable cause.

Further, Plaintiff has not alleged false evidence or perjury or other corruption of due process of law. Plaintiff has not shown that the judicial process of the state is unavailable to provide a remedy for the alleged abuse of process. He has not alleged intentional denial of a constitutional right or denial of such a right.

XI.  <u>Defendant Anne Frances Peters</u>

Plaintiff alleges that Defendant Peters made utterances on the record claiming unspecified evidence, witnesses, and hideous injuries, and that the utterances could be "evidentiary in a case of malicious abuse of process." (FAC at 3.) Plaintiff alleges that Peters knew that "the complaint," the precise nature of which is unclear, was groundless and made misrepresentations to Deputy Thatcher to make Plaintiff a suspect and to gain an advantage to obtain Plaintiff's property. He states that Defendant maliciously used a legal process to accomplish an ulterior purpose, apparently, to obtain property.

With respect to a malicious prosecution action, Plaintiff has failed to allege a favorable termination or lack of probable

cause. It is not clear that he has alleged that Defendant Peters actually directed or instituted a proceeding against Plaintiff. Indeed, the nature of the proceedings is unclear. Plaintiff has not alleged that the judicial process of the state courts are unavailable to Plaintiff. Even indulging all inferences in Plaintiff's favor and construing the FAC liberally, Plaintiff's complaint is not a plain statement of facts as required by Rule 8.

Further, as previously noted, Plaintiff has not alleged facts indicating that Peters acted under color of state law. Given the uncertainty of Plaintiff's allegations concerning Peterson and the proceedings that she initiated or in which she was involved, Plaintiff's allegations do not suffice.

XII. Conspiracy

Section 1985(3) states, in relevant part,
If two or more persons... conspire... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws... the party so ⋯ deprived may have an action for the recovery of damages occasioned by such... deprivation, against any one or more of the conspirators. "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1140 (9th Cir.2000) The United States Supreme Court has held that in a § 1985(3) action, a claimant must show "some racial, or perhaps otherwise class-based,

16

invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Accordingly, the Ninth Circuit has held that " § 1985(3) extends 'beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'" <u>Orin v. Barclay</u>, 272 F.3d 1207, 1217 n. 4 (9th Cir.2001).

    Plaintiff's complaint, construed liberally, does not allege the requisite discrimination upon which a § 1985(3) claim could be based.

    XIII. <u>Motion of Defendant Peters</u>

    The Court notes that on April 4, 2006, Defendant Peters filed a document styled as a motion but consisting of a request to permit Defendant Peters to respond to Plaintiff's complaint despite not being properly served. It appears that Peters learned of the complaint when Plaintiff served a document on her.

    Peters' request is premature in that before the Court will authorize service of Plaintiff's complaint on any defendant, including Defendant Peters, the Court must complete screening the complaint, which in this case will involve at the least Plaintiff's filing a second amended complaint pursuant to this order, the Court's review of the second amended complaint once it is filed, and the Court's issuance of a screening order that identifies the cognizable claims stated and authorizes service. Before service is authorized, service is not to occur. Therefore,

Defendant Peters is at this time not in default.

The Clerk IS DIRECTED to serve a copy of this order on Ann Frances Peters at Post Office Box 661, Inyokern, California 93527.

XIV. <u>Amendment of the Complaint</u>

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff one more opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to file an amended complaint to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u>

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior

pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1) Plaintiff's complaint IS DISMISSED; and

2) The Clerk IS DIRECTED to serve a copy of this order on Ann Frances Peters at the address stated in part XIII of this order; and

3) Plaintiff IS GRANTED thirty days from the date of service of this order in which to file a second amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   April 28, 2006**                              **/s/ Sandra M. Snyder**
icido3                                                    UNITED STATES MAGISTRATE JUDGE