UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL EARLE BOYER, | ) | 1:06-cv-00012-AWI-SMS |
| | ) | |
| Plaintiff, | ) | ORDER RE: FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| v. | ) | PLAINTIFF'S SECOND AMENDED |
| | ) | COMPLAINT WITHOUT LEAVE TO AMEND |
| ANNE FRANCES PETERS, | ) | AND WITH PREJUDICE (DOCS. 15, 16 |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations.

On September 5, 2006, the Magistrate Judge filed findings and a recommendation that Plaintiff's second amended complaint, filed on June 1, 2006, be dismissed without leave to amend and with prejudice, and that the action further be dismissed for lack of subject matter jurisdiction. The findings and recommendation were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within thirty (30) days of the date of service of the order. On November 21, 2006, Plaintiff filed objections. The undersigned

1 has considered the objections and has determined there is no need
2 to modify the findings and recommendations based on the points
3 raised in the objections.
4     In accordance with the provisions of 28 U.S.C. § 636
5 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d
6 452, 454 (9th Cir. 1983), this Court has conducted a *de novo*
7 review of the case. Having carefully reviewed the entire file,
8 the Court finds that the report and recommendation are supported
9 by the record and proper analysis.  In the objections, Plaintiff
10 contends that the defendants are not immune from their fraudulent
11 actions resulting in the loss of Plaintiff's land.  While
12 Plaintiff claims he is not attempting to have this court review
13 the actions of the state court, that is exactly what Plaintiff
14 asks this court to do.  As explained by the Magistrate Judge, a
15 federal district court lacks subject matter jurisdiction to
16 review final determinations of state courts, as well as claims
17 "inextricably intertwined" with final state court decisions, even
18 if such "inextricably intertwined" claims were not actually
19 raised in the state court. See District of Columbia Court of
20 Appeals v. Feldman, 460 U.S. 462, 486-87, 483 n. 16 (1983);
21 Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms,
22 Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir.1998) (holding
23 "Rooker-Feldman" doctrine is jurisdictional).   If Plaintiff
24 believes frauds were committed on the state court, Plaintiff has
25 remedies in the state courts.
26     Accordingly, IT IS HEREBY ORDERED that:
27     1. The findings and recommendations filed September 5, 2006,
28 ARE ADOPTED IN FULL; and

2. Plaintiff's claims against the Superior Court, Clerk Johnna Nunn, and Prosecutor Perry Patterson ARE DISMISSED WITHOUT LEAVE TO AMEND and WITH PREJUDICE because of Eleventh Amendment and judicial, quasi-judicial, and prosecutorial immunity, respectively;

2) Plaintiff's claims against the Kern County Sheriff's Department, Deputy Larry Thatcher, attorney Daniel Jon Tobias, attorney Jamie Gelber, Anne Frances Peters, and Claudie Duckworth ARE DISMISSED WITHOUT LEAVE TO AMEND AND WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; and

3) This action IS DISMISSED based on this Court's lack of subject matter jurisdiction because the action constitutes an impermissible collateral attack upon a state court judgment.

IT IS SO ORDERED.

**Dated:     December 18, 2006**                              **/s/ Anthony W. Ishii**
0m8i78                                                         UNITED STATES DISTRICT JUDGE